IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TERESA BOOKER,** *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   **CIVIL ACTION 16-0029-WS-B** |
| | ) |
| **STUCKEY MANAGEMENT** | ) |
| **SERVICES, INC.,** *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    This matter comes before the Court *sua sponte* based on its review of the Answer (doc. 7) filed by defendants, Stuckey Management Services, Inc., Ray Gates and George Moss.

    On March 2, 2016, defendants, by and through counsel, filed an Answer that, in lieu of admitting or denying each of the numbered paragraphs of the Complaint, simply states a blanket denial that defendants "deny each and every allegation contained in Plaintiffs' Complaint and demand strict proof thereof." (Doc. 7, at 1.) "General denials of all allegations in a complaint are almost never appropriate under the Federal Rules of Civil Procedure." *United States v. $34,796.49, more or less, in U.S. Currency*, 2015 WL 1643582, *3 (S.D. Ala. Apr. 13, 2015).[1]

---

[1]   *See also J & J Sports Productions, Inc. v. Olivo*, 2015 WL 3604457, *2 (S.D. Cal. June 8, 2015) ("If a party wishes to submit a general denial, they must seek to deny all facets of the complaint …. Otherwise a party must address the substance of each allegation."); *McClure v. Life Time Fitness, Inc.*, 2014 WL 6851942, *6 (S.D. Tex. Dec. 3, 2014) ("General denials are uncommon in federal court because situations in which the complaint can be completely controverted are quite rare.") (citations and internal quotation marks omitted); *Mortensen v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3339492, *2 n.7 (S.D. Ala. Aug. 23, 2010) ("General denials are almost always improper under the Federal Rules of Civil Procedure."); *Matter of Crawford*, 2 B.R. 589, 592 (Bankr. Ill. 1980) ("A general denial is appropriate only where the pleader intends in good faith to controvert the preceding pleading."); *Gulf Oil Corp. v. Bill's Farm Center, Inc.*, 52 F.R.D. 114, 118-19 (W.D. Mo. 1970) (declaring that "[g]eneral denials or the equivalent are no longer permitted under the Federal Rules of Civil Procedure.").

Indeed, one prominent commentator has opined that the use of general denials "has been sharply restricted" under the Federal Rules of Civil Procedure and that "an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases." Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1265; *see also* 2 *Moore's Federal Practice*, § 8.06[4] (3d ed.) ("Because of the very broad nature of a general denial, as well as the duty to respond in good faith after reasonable inquiry, general denials are rarely appropriate responses to multi-faceted statements within claims for relief when numerous facts are alleged together.").

The source of the disfavor with which general denials are regarded is Rule 8(b) of the Federal Rules of Civil Procedure. Under Rule 8(b)(2), Fed.R.Civ.P., denials set forth in an answer "must fairly respond to the substance of the allegation." *Id.* Moreover, a general denial such as that offered by Stuckey Management, Gates and Moss here is appropriate only when a party "intends in good faith to deny all the allegations of a pleading." Rule 8(b)(3). By contrast, "[a] party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id.* The Answer filed in this case is a textbook example of a general denial; however, it is far from clear in this case that such a denial can be made in good faith in a manner that comports with defendants' obligations under Rules 8 and 11. For example, the Complaint includes allegations that defendant Stuckey Management is an entity subject to suit under the Fair Housing Act (doc. 1, ¶ 12); that defendants Gates and Moss are over the age of 19 and reside in Alabama (*id.*, ¶¶ 13-14); that Stuckey Management manages Catawba Ridge Apartments in Monroeville, Alabama (*id.*, ¶ 16); that Gates is the property manager at Catawba Ridge Apartments (*id.*, ¶ 17); that Moss is the security officer at Catawba Ridge Apartments (*id.*, ¶ 18); and that plaintiffs are current or former residents of Catawba Ridge Apartments (*id.*, ¶ 19).

In its current form, the Answer (which denies everything and admits nothing) does not appear to comport with the strictures of Rules 8 and 11. By way of example, do defendants have a good-faith basis for denying that Stuckey Management is an entity subject to the Fair Housing Act, that the individual defendants are adult residents of Alabama, or that plaintiffs are current or former residents of Catawba Ridge Apartments? Of course, counsel's signature on the Answer constitutes a certification by counsel "that to the best of the person's knowledge, information,

and belief, formed after an inquiry reasonable under the circumstances … the denials of factual contentions are warranted on the evidence." Rule 11(b)(4), Fed.R.Civ.P.

In light of the foregoing, the Court invites defendants to file an Amended Answer that fairly meets the substance of the factual allegations of the Complaint and is otherwise consistent with this Order. Such an Amended Answer should be filed on or before **March 16, 2016.** If an Amended Answer in conformity with Rules 8 and 11 is filed prior to that deadline, then defendants need take no further action in response to this Order. However, if defendants opt not to file such an Amended Answer within that time frame, then they are **ordered** to **show cause**, on or before **March 16, 2016**, why their Answer, in its current form, does not violate Rules 8(b) and 11(b) of the Federal Rules of Civil Procedure. This Show Cause Order is entered pursuant to Rule 11(c)(3), Fed.R.Civ.P. Responses to this Show Cause Order should include, without limitation, a description of the reasonable inquiry undertaken by defendants' counsel prior to filing their Answer and an explanation of how, following such reasonable investigation, he could in good faith controvert all of the allegations of the Complaint (including the jurisdictional grounds) pertaining to his clients, including without limitation those identified *supra*.

DONE and ORDERED this 3rd day of March, 2016.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE